ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 JUL 24 PM 2: 40

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

KELVIS RAFAEL AVILA PENA,            )
                                     )
        Petitioner,                  )
                                     )
v.                                   )    CV 306-057
                                     )
MICHAEL PUGH, Warden,[1]             )
                                     )
        Respondent.                  )

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Petitioner, an inmate incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, has filed a petition under 28 U.S.C. § 2241 contesting the execution of his sentence of confinement. For the reasons that follow, the Court recommends that the petition be **DISMISSED** without prejudice.

**I.      BACKGROUND**

Petitioner is incarcerated pursuant to a sixty-month sentence of imprisonment imposed in the Southern District of Ohio. See United States v. Kelvis R. Avila, CR 204-156 (S.D. Ohio July 12, 2005); see also Pet., p. 2. He is not an American citizen, and the Bureau of Immigration and Customs Enforcement has lodged a detainer against Petitioner, which, according to Petitioner, will culminate in deportation proceedings at the conclusion of his prison sentence.

---

[1] Inasmuch as Petitioner seeks release from confinement at MCF, the proper party Respondent in this action should be Petitioner's immediate custodian, in this case Michael Pugh, Warden at MCF. Rumsfeld v. Padilla, 524 U.S. 426, 434-35 (2004). The Clerk is **DIRECTED** to substitute "Michael Pugh, Warden" for the Government as the party Respondent in this case.

After his sentencing hearing, the Bureau of Prisons ("BOP") assigned Petitioner to MCF.[2] Petitioner asserts in his § 2241 petition that he was assigned to MCF because of his alienage, and that a "diversity of conditions" exists between MCF and any other federal correctional facility to which he might have been assigned. Specifically, Petitioner claims that, at MCF, he is not allowed to participate in a Residential Drug Abuse Treatment Program, to take part in work programs available at other BOP institutions, to benefit from vocational education opportunities, or to be placed in a Community Corrections Center. Petitioner urges the Court to "reduce" his sentence, arguing that the collateral consequences of his alienage constitute a basis for a "downward departure." See Pet., pp. 6, 9, 15.

## II. DISCUSSION

Petitioner's § 2241 petition does not challenge the fact or duration of his confinement. Instead, notwithstanding his plea for a sentence reduction, Petitioner challenges the conditions and circumstances of his confinement at MCF.[3] The sole function of habeas corpus, however, "is to provide relief from unlawful imprisonment or custody, and it cannot be used for any other purpose." Cook v. Hanberry, 592 F.2d 248, 249 (5th Cir.), revised by, 596 F.2d 658 (5th Cir. 1979).[4] "Habeas corpus is not available to prisoners complaining only of mistreatment

---

[2] MCF is a private correctional facility operated by the Corrections Corporation of America under contract with the BOP.

[3] To the extent Petitioner challenges the fundamental validity of his conviction or sentence, § 2241 is the wrong procedural vehicle for his claims. Such claims must be brought in the court of conviction in a motion filed pursuant to 28 U.S.C. § 2255. As Petitioner was convicted in the Southern District of Ohio, this Court lacks jurisdiction over any § 2255 claims. See, e.g., Ojo v. I.N.S., 106 F.3d 680, 683 (5th Cir. 1997)(only court of conviction may exercise jurisdiction over claims properly brought under § 2255). Of note, Petitioner has filed a § 2255 motion in the court of conviction raising essentially the same claims brought in the instant petition. See United States v. Avila, CR 204-156, doc. no. 30 (S.D. Ohio Apr. 12, 2006).

[4] In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

2

during their legal incarceration." Id. To the extent that a Petitioner seeks relief from the conditions of his confinement, such relief "is in the form of equitably imposed restraint, not freedom from otherwise lawful incarceration." Id.; accord Stevens v. Heard, 674 F.3d 320, 323 (5th Cir. 1982).

The factual allegations raised in the instant petition challenge the conditions, rather than the fact or duration, of Petitioner's confinement. Such allegations may be appropriate in a civil rights complaint filed pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), but do not state cognizable grounds for relief in a § 2241 petition. Accordingly, the petition should be dismissed for failure to allege grounds on which § 2241 relief may be granted.

The Court also notes that Petitioner does not allege that he has exhausted his administrative remedies in this case. The failure of a prisoner to exhaust his administrative remedies prior to filing a complaint or petition in federal court bars a court from granting relief under such a complaint or petition.[5] In this regard, "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (prisoner civil rights case); see also Clemente v. Allen, 120 F.3d 703, 705 (7th Cir. 1997) (proper to deny § 2241 petition for failure to allege exhaustion). Thus, even if Petitioner had brought the instant claims in a Bivens complaint or if his claims were cognizable under § 2241, he would not be entitled to

---

[5] See 42 U.S.C. § 1997e(a) (exhaustion of administrative remedies a prerequisite to filing prisoner civil rights complaint); Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (*per curiam*) (habeas petitioner required to exhaust administrative remedies); Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992) (*per curiam*) (exhaustion a jurisdictional prerequisite to § 2241 petition challenging execution of sentence).

relief because of his failure to exhaust his administrative remedies.[6]

## III. CONCLUSION

For the reasons set forth above, the Court recommends that the petition be **DISMISSED** without prejudice.

SO REPORTED and RECOMMENDED this 24th day of July, 2006, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[6] Petitioner's claims also lack merit on their face. A prisoner does not possess a constitutional right to be placed, or not to be placed, in a particular prison facility. McKune v. Lile 536 U.S. 24, 39 (2002); Meachum v. Fano, 427 U.S. 215, 225 (1976). Courts have also held that a prisoner has no constitutional liberty interest in early release, Wottlin v. Fleming, 136 F.3d 1032, 1036 (5th Cir. 1998); no constitutionally protected interest in rehabilitative programs, Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); no constitutionally protected interest in participating in "UNICOR" work assignments, Ruiz-Loera v. United States, No. 00-CV-323-K, 2000 WL 33710839, at *2 (D. Utah June 23, 2000); and no "equal protection" interest in eligibility for assignment to halfway houses, McLean v. Crabtree, 173 F.3d 1176, 1185 (9th Cir. 1999).

Furthermore, although a defendant's alienage might form the basis for a downward departure in an extraordinary case, neither an alien's ineligibility for prison programs nor his deportability are in themselves sufficient grounds for downward departure. See United States v. Macedo, 406 F.3d 778, 794 (7th Cir. 2005); United States v. Maung, 320 F.3d 1305, 1308 (11th Cir. 2003); United States v. Lopez-Salas, 266 F.3d 842, 846-51 (8th Cir. 2001); United States v. Charry Cubillos, 91 F.3d 1342, 1345 (9th Cir. 1996) (although court may consider alienage, "ineligibility for community placement" insufficient basis for downward departure); United States v. Mendoza-Lopez, 7 F.3d 1483, 1487 (10th Cir. 1993), *impliedly overruled on other grounds by*, United States v. Fagan, 162 F.3d 1280 (10th Cir. 1998); United States v. Nnanna, 7 F.3d 420, 422 (5th Cir. 1993); United States v. Restrepo, 999 F.2d 640, 644-47 (2d Cir. 1993).

Next, because Petitioner apparently did not raise his claims at sentencing or on appeal, he must couch them in terms of the ineffective assistance of counsel. In other words, to prevail Petitioner must show: 1) his attorney unreasonably failed to argue for a downward departure based upon Petitioner's alienage; and 2) there is a reasonable probability that, but for his counsel's performance, he would have been granted a downward departure. See United States v. Torre-Ortega, No. 04-36039, 143 Fed. Appx. 49, 50, 2005 WL 1842870, at *1 (9th Cir. Aug. 4, 2005)(citing Strickland v. Washington, 466 U.S. 668, 694 (1984)). Petitioner has not shown that his counsel's actions were unreasonable. Cf. United States v. Sera, 267 F.3d 872, 874-75 (8th Cir. 2001)(counsel's failure to move for downward departure based on alienage not unreasonable). Moreover, a district court's decision to downwardly depart is wholly discretionary. See, e.g., United States v. Anderson, 326 F.3d 1319, 1333 (11th Cir. 2003)(refusal to grant a motion for downward departure unreviewable unless court erroneously believed it lacked the authority to grant the departure). Thus, Petitioner cannot show a reasonable probability that, but for his counsel's performance, he would have received a lesser sentence. In sum, the instant petition lacks merit.